MICHAEL J. IOANNOU (SBN 95208)
mioannou@rmkb.com
LITA M. VERRIER (SBN 181183)
lverrier@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
50 W. San Fernando St., #1400
San Jose, CA  95113
Telephone:  (408) 287-6262
Facsimile:  (408) 918-4501

Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.

*E-FILED 09-24-2010*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALTRONIX CORPORATION, a New York Corporation,<br><br>Defendant. | CASE NO.  CV-10-02524 LHK<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(MODIFIED BY THE COURT)**<br><br>The Honorable Lucy H. Koh |

1.  **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal;

Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.  **DEFINITIONS**

    2.1  **Party.**  Any Party to this action, including all of its officers, directors, employees, consultants, retained experts, outside counsel (and their support staff), and each Party's insurance carrier(s) (if any) that are defending the claims in this action.

    2.2  **Disclosure or Discovery Material.**  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3  **"Confidential" Information or Items.**  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

    2.4  **"Highly Confidential – Attorneys' Eyes Only" Information or Items.**  "Confidential Information or Items" which are currently commercially sensitive and with regard to which the Producing Party and/or its Counsel has a good faith belief that disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

    2.5  **Receiving Party.**  A Party that receives Disclosure or Discovery Material from a Producing Party.

    2.6  **Producing Party.**  A Party or non-party that produces Disclosure or Discovery Material in this action.

    2.7.  **Designating Party:**  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

    2.8  **Protected Material.**  Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

    2.9  **Outside Counsel.**  Attorneys who are not employees of a Party but who

1   are counsel of record retained to represent or advise a Party in this action.

2          2.10   **House Counsel.**  Attorneys who are employees of a Party or employed
3   with a Party's parent, subsidiary or affiliate.  House Counsel does not include Outside Counsel of
4   record or any other outside counsel.

5          2.11   **Counsel (without qualifier).**  Outside Counsel and House Counsel as well
6   as their support staffs.

7          2.12   **Expert.**  A person with specialized knowledge or experience in a matter
8   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert
9   witness or as a consultant in this action and who is not a past or a current employee of a Party and
10  who, at the time of retention, Counsel does not have reason to believe is or will become an
11  employee of a Party.  This definition includes a professional jury or trial consultant retained in
12  connection with this litigation.

13         2.13   **Professional Vendors.**  Persons or entities that provide litigation support
14  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;
15  organizing, storing, retrieving data in any form or medium, etc.) and their employees and
16  subcontractors.

17     3.    **SCOPE**

18      The protections conferred by this Stipulation and Order cover not only Protected Material
19  (as defined above), but also any information copied or extracted therefrom, as well as all copies,
20  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by
21  parties or counsel to or in court or in other settings that might reveal Protected Material.

22      However, the protections conferred by this Stipulation and Order do not cover the
23  following information: (a) any information that is in the public domain at the time of disclosure to
24  a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party
25  as a result of publication not involving a violation of this Order, including becoming part of the
26  public record through trial or otherwise; and (b) any information known to the Receiving Party
27  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who
28  obtained the information lawfully and under no obligation of confidentiality to the Designating

1   Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

2       4.    **DURATION**

3       Even after final disposition of this litigation, the confidentiality obligations imposed by
4   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
5   order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all
6   claims and defenses in this action, with or without prejudice; and (2) final judgment herein after
7   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
8   including the time limits for filing any motions or applications for extension of time pursuant to
9   applicable law.  **For a period of six months after the final disposition of this action, this court will retain jurisdiction to enforce the terms of this order.**

10       5.    **DESIGNATING PROTECTED MATERIAL**

11           5.1    **Exercise of Restraint and Care in Designating Material for Protection.**
12   Each Party or non-party that designates information or items for protection under this Order must
13   take care to limit any such designation to specific material that qualifies under the appropriate
14   standards.  To the extent it is practical to do so, the Designating Party must take care to designate
15   for protection only those parts of material, documents, items, or oral or written communications
16   that qualify – so that other portions of the material, documents, items, or communications for
17   which protection is not warranted are not swept unjustifiably within the ambit of this Order.

18       Mass, indiscriminate, or routinized designations are prohibited.  Designations that
19   are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
20   unnecessarily encumber or retard the case development process, or to impose unnecessary
21   expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to
22   a Designating Party's or a non-party's attention that information or items that it designated for
23   protection do not qualify for protection at all, or do not qualify for the level of protection initially
24   asserted, that Designating Party or non-party must promptly notify all other parties that it is
25   withdrawing the mistaken designation.

26           5.2    **Manner and Timing of Designations.**  Except as otherwise provided in
27   this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or
28   ordered, material that qualifies for protection under this Order must be clearly so designated

before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential," except the Producing Party can designate a subset of the materials as "Highly Confidential – Attorneys' Eyes Only" if it has good cause to do so. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party or non-party offering the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Highly Confidential – Attorneys' Eyes Only." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify

1  for protection, the Designating Party or non-party that offers, or gives the testimony may invoke

2  on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to

3  identify the specific portions of the testimony as to which protection is sought and to specify the

4  level of protection being asserted ("Confidential" or "Highly Confidential – Attorneys' Eyes

5  Only"). Only those portions of the testimony that are appropriately designated for protection

6  within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

7  Any transcript that is prepared before the expiration of a 20-day period for designation

8  shall be treated during that period as if it had been "Confidential" or "Highly Confidential –

9  Attorneys' Eyes Only" in its entirety unless otherwise agreed. After the expiration of that period,

10  the transcript shall be treated only as actually designated.

11  Transcript pages containing Protected Material must be separately bound

12  by the court reporter, who must affix to the top of each such page the legend "Confidential" or

13  "Highly Confidential – Attorneys' Eyes Only," as instructed by the Party or nonparty offering the

14  witness or presenting the testimony.

15  (c) For information produced in some form other than documentary, and

16  for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

17  the container or containers in which the information or item is stored the legend "Confidential" or

18  "Highly Confidential – Attorneys' Eyes Only." If only portions of the information or item

19  warrant protection, the Producing Party, to the extent practicable, shall identify the protected

20  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential –

21  Attorneys' Eyes Only."

22  5.3    **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent

23  failure to designate qualified information or items as "Confidential" or "Highly Confidential –

24  Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

25  protection under this Order for such material. If material is appropriately designated as

26  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially

27  produced, the Receiving Party, on timely notification of the corrected designation by the

28  Producing Party, must make reasonable efforts to assure that the material is treated in accordance

with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1    **Timing of Challenges.**  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    **Meet and Confer.**  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3    **Judicial Intervention.**  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  Frivolous challenges and those made for an improper

1  purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
2  expose the Challenging Party to sanctions.

3        The burden of persuasion in any such challenge proceeding shall be on the
4  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the
5  material in question the level of protection to which it is entitled under the Producing Party's
6  designation.  If the Designating Party does not bring a motion timely as set forth above, any
7  Highly Confidential - ATTORNEYS' EYES ONLY designation shall drop to a
8  CONFIDENTIAL designation and a CONFIDENTIAL designation shall lose its
9  CONFIDENTIAL designation.

10      7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

11      7.1    **Basic Principles.**  A Receiving Party may use Protected Material that is
12  disclosed or produced by another Party or by a non-party in connection with this case only for
13  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be
14  disclosed only to the categories of persons and under the conditions described in this Order.
15  When the litigation has been terminated, a Receiving Party must comply with the provisions of
16  section 12, below (FINAL DISPOSITION).

17      Protected Material must be stored and maintained by a Receiving Party at a
18  location and in a secure manner that ensures that access is limited to the persons authorized under
19  this Order.

20      7.2    **Disclosure of "Confidential" Information or Items.**  Unless otherwise
21  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
22  disclose any information or item designated "Confidential" only to:

23      (a) The Receiving Party's Outside Counsel of record in this action, as well
24  as employees of said Counsel, and professional vendors to whom it is reasonably necessary to
25  disclose information for this litigation;

26      (b) The Receiving Party and any officers, directors, and employees
27  (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for
28  this litigation;

1    (c) Experts (as defined in this Order) of the Receiving Party to whom
2    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be
3    Bound by Protective Order" the copy of which shall remain in the retaining Counsel's possession
4    until further order of this Court requiring its production to other Counsel or until such time as
5    Expert Disclosures are required pursuant to the applicable Case Management Order (Exhibit A);

6    (d) The Court and its personnel;

7    (e) Court reporters and their staffs;

8    (f) During their depositions, witnesses in the action to whom disclosure is
9    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
10   (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of
11   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be
12   separately bound by the court reporter and may not be disclosed to anyone except as permitted
13   under this Stipulated Protective Order.

14   (g) The author and any recipient of the document or the original source of
15   the information or a custodian or other person who otherwise possessed or knew the information.

16   7.3   **Disclosure of "Highly Confidential – Attorneys' Eyes Only"**
17   **Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the
18   Designating Party, a Receiving Party may disclose any information or item designated "Highly
19   Confidential – Attorneys' Eyes Only" only to:

20   (a) The Receiving Party's Outside Counsel of record in this action, as well
21   as employees of said Counsel and professional vendors, excluding experts and consultants, who
22   are under Outside Counsel's direct supervision (except as specifically provided in subdivision (b)
23   below), and to whom it is reasonably necessary to disclose information for this litigation;

24   (b) Experts (as defined in this Order):  Highly Confidential information
25   may be disclosed to an Expert without disclosing the identity of the Expert to the opposing party
26   *provided* that (1) the Expert is a person(s) to whom disclosure is reasonably necessary for this
27   litigation, (2) they have signed the "Acknowledgment and Agreement to Be Bound by Protective
28   Order" the copy of which shall remain in the retaining Counsel's possession until further order of

RC1/5695104.3/LMV

- 9 -

Stipulated Protective Order –
Case No. CV-10-02524 LHK

1   this Court requiring its production to other Counsel or until such time as Expert Disclosures are
2   required pursuant to the applicable Case Management Order (Exhibit A) and; (3)  the Expert is
3   not a  current officer, director, or employee of a competitor of a Party or anticipated to become
4   one and *provided* that if the Expert is or has ever been employed commercially in any capacity by
5   any company in the electronics, security, health and life safety or power supply and management
6   industries, in the past ten years, the Party who plans to retain the Expert must disclose to the
7   Designating Party the names of the company(ies) in the industry where the Expert or consultant is
8   or was employed and the dates of said employment in advance of disclosing any such Highly
9   Confidential Information;

10              (c)   The Court and its personnel;
11              (d)   Court reporters and their staffs; and
12              (e)   The author and any recipient of the document or the original source of
13  the information or a custodian or other person who otherwise possessed or knew the information.

14        7.4     **Procedures for Approving or Objecting to Disclosure of ""Highly**
15  **Confidential - Attorneys' Eyes Only" Information or Items to Experts.**

16              (a)   A Party that makes a request and provides the information specified
17  in the preceding respective paragraph 7.3(b) regarding an Expert may disclose the subject Highly
18  Confidential Material to the identified designated Expert unless, within 15 days of delivering the
19  request, the Party receives a written objection from the Designating Party. Any such objection
20  must set forth in detail the grounds on which it is based.

21              (b)   A Party that receives a timely written objection must meet and
22  confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the
23  matter by agreement within seven days of the written objection.  If no agreement is reached, the
24  Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local
25  Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the
26  Court to do so.  Any such motion must describe the circumstances with specificity, set forth in
27  detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm
28  that the disclosure would entail, and suggest any additional means that could be used to reduce

that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by facsimile or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

### 10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

### 11. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a non- party in this action and designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

### 12. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final disposition of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was

1  returned or destroyed and that affirms that the Receiving Party has not retained any copies,
2  abstracts, compilations, summaries or other forms of reproducing or capturing any of the
3  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival
4  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
5  work product, even if such materials contain Protected Material.  Any such archival copies that
6  contain or constitute Protected Material remain subject to this Protective Order as set forth in
7  Section 4 (DURATION), above.

8      13.  **MISCELLANEOUS**

9          13.1  **Right to Further Relief.**  Nothing in this Order abridges the right of any
10  person to seek its modification by the Court in the future.

11          13.2  **Right to Assert Other Objections.**  By stipulating to the entry of this
12  Protective Order no Party waives any right it otherwise would have to object to disclosing or
13  producing any information or item on any ground not addressed in this Stipulated Protective
14  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of
15  the material covered by this Protective Order.

16  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17  Dated:  September 23, 2010               ROPERS, MAJESKI, KOHN & BENTLEY

18                                           By:  /s/ Michael J. Ioannou
                                                  MICHAEL J. IOANNOU
19                                                LITA M. VERRIER
                                                  Attorneys for Plaintiff
20                                                MAXIM INTEGRATED PRODUCTS,
                                                  INC.
21

22

23  Dated:  September 23, 2010               KELLEY DRYE & WARREN LLP

24                                           By:  /s/ Andrea L. Calvaruso
                                                  ANDREA L. CALVARUSO
25                                                Attorneys for Defendant (*Pro Hac Vice*)
                                                  ALTRONIX CORORATION
26

27

28

I, Michael J. Ioannou, am the ECF user whose identification and password are being used to file this stipulation.  In compliance with General Order 45.X.B, I hereby attest that the other signatory has concurred in this filing.

Dated:  September 23, 2010                         ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Michael J. Ioannou
    MICHAEL J. IOANNOU
    Attorneys for Plaintiff
    MAXIM INTEGRATED PRODUCTS, INC.

**ORDER**   AS MODIFIED BY THE COURT,

PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.

DATED:___September 24, 2010 __

_____
~~LUCY H. KOH~~  HOWARD R. LLOYD
Magistrate Judge, United States District Court

RC1/5695104.3/LMV

- 14 -

Stipulated Protective Order –
Case No. CV-10-02524 LHK

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Maxim Integrated Products, Inc. v. Altronix Corporation*, Case No. CV-10-02524 LHK.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed name: _____

Signature: _____