MICHAEL J. IOANNOU (SBN 95208)
mioannou@rmkb.com
LITA M. VERRIER (SBN 181183)
lverrier@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
50 W. San Fernando St., #1400
San Jose, CA 95113
Telephone: (408) 287-6262
Facsimile: (408) 918-4501

Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALTRONIX CORPORATION, a New York Corporation,<br><br>Defendant. | CASE NO. CV-10-02524 LHK<br><br>STIPULATED ORDER FOR PERMANENT INJUNCTION AND DISMISSAL OF THE ACTION WITH PREJUDICE BY AGREEMENT BETWEEN PLAINTIFF MAXIM INTEGRATED PRODUCTS, INC. AND DEFENDANT ALTRONIX CORPORATION<br><br>The Honorable Lucy H. Koh |

WHEREAS, on June 7, 2010, Maxim Integrated Products Inc. ("Plaintiff" or "Maxim") filed a Complaint against Altronix Corporation ("Altronix" or "Defendant") for FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C., § 1114 et seq.], FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1125(a)] FALSE DESIGNATION OF ORIGIN AND TRADE DRESS INFRINGEMENT [15 U.S.C. § 1125(a)], FEDERAL UNFAIR COMPETITION [15 U.S.C. § 1125(a)], CANCELLATION OF REGISTERED MARK [15 U.S.C. 1064, 1119, 1120], CALIFORNIA UNFAIR COMPETITION [Cal. Bus. & Prof. Code, § 17200 et seq.], CALIFORNIA DILUTION [Cal. Bus. & Prof. Code, § 14330 et seq.], and CALIFORNIA FALSE ADVERTISING [Cal. Bus. & Prof. Code, § 17500 et seq.]; and

1   WHEREAS Altronix filed an Answer to said Complaint denying all claims and raising
2   defenses thereto; and
3   WHEREAS, Maxim on the one hand, and Altronix on the other hand, have entered into a
4   separate written Confidential Settlement Agreement settling the above captioned action in its
5   entirety; and
6   WHEREAS, said parties desire to compromise their dispute and settle this lawsuit and
7   stipulate and consent to the entry of this Stipulated Order for Permanent Injunction and Dismissal
8   of the Action with Prejudice by Agreement in conjunction with the Settlement Agreement and
9   without any admission of liability by Defendant.
10   Based on the stipulation of the parties hereto, it is hereby ordered, adjudged and agreed,
11   that:
12   1.   The Court has jurisdiction over the parties and subject matter of this action, and
13   venue is properly with the Court.
14   2.   Plaintiff Maxim and Defendant Altronix have waived the entry of findings of fact
15   and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and this
16   Stipulated Order for Permanent Injunction and Dismissal of the Action With Prejudice by
17   Agreement (the "Order") makes no such findings.
18   3.   Altronix denies all wrongdoing and makes no admission of liability in connection
19   with this stipulation.
20   4.   Defendant Altronix, together with all of its respective officers, agents, servants,
21   employees, representatives, affiliates, attorneys and assigns and all other persons, firms, or
22   companies in active concert or participation with them shall, no later than six months from the
23   date of execution of this Order, cease all use of the mark MAXIM in connection with the
24   promotion and sale of any products.
25   5.   At the conclusion of the six-month period, Defendant Altronix, together with all of
26   its respective officers, agents, servants, employees, representatives, affiliates, attorneys and
27   assigns and all other persons, firms, or companies in active concert or participation with them,
28   shall be permanently enjoined from using the mark MAXIM (and the marks MAXQ®, µMAX®,

MAX or MXIM) in any format, throughout the world, whether used alone or in combination with any numbers, as a trade name, trademark or service mark, on Defendant's websites, or any other websites or Internet sites registered, accessed, operated, or controlled by Defendant in any form of sales, advertising, marketing, promotion, product packaging, product marking or in any other manner, including specifically marking any product with the mark MAXIM, or participating in any conduct which suggests in any way that Defendant Altronix or any of its products, parts or services come from or are somehow sponsored by or affiliated with Maxim, and from otherwise unfairly competing with Maxim, falsely advertising genuine Maxim goods, or passing off Defendant's goods as Maxim's.

6. Altronix shall affirmatively cancel and otherwise relinquish any and all trademark registrations and applications for any form of the MAXIM mark anywhere in the world, including the United States and Canada, and shall not contest any of Plaintiff's existing or future registrations of its MAXIM® mark including any stylized version of its MAXIM mark as well as any confusingly similar marks, or the marks MAXQ®, µMAX®, MAX or MXIM) in any format, throughout the world, whether used alone or in combination with any numbers, as a trade name, trademark or service mark.

7. This Order shall be entered without taxation of costs, damages or attorney fees to any of the parties hereto.

8. This action shall be dismissed in its entirety with prejudice with this Court retaining jurisdiction to enforce said Stipulated Permanent Injunction.

Dated: December 17, 2010　　　　　　　　　KELLEY DRYE & WARREN LLP

By: _____
ANDREA L. CALVARUSO
Attorneys for Defendant Altronix Corporation

Dated: December 17, 2010  ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Michael J. Ioannou
MICHAEL J. IOANNOU
Attorneys for Plaintiff Maxim Integrated Products, Inc.

## ORDER

Pursuant to stipulation of the parties as set forth above, **IT IS SO ORDERED:**

This action shall be dismissed in its entirety with prejudice, except that this Court shall retain jurisdiction over this Stipulated Order for Permanent Injunction and Dismissal of the Action With Prejudice by Agreement, corresponding Confidential Settlement Agreement and exhibits thereto, and the compliance therewith for a period of five (5) years after the Stipulated Order for Permanent Injunction and Dismissal of the Action With Prejudice is entered. Enforcement of said Stipulated Order for Permanent Injunction and Dismissal of the Action With Prejudice by Agreement shall be governed by the terms of the Settlement Agreement.

Dated: December 20, 2010

*Lucy H. Koh*
JUDGE, U.S. DISTRICT COURT